**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

CHARLES CRABLE,

        Plaintiff,

v.                                Case No. 6:16-cv-1825-Orl-37TBS

PREMIER BATHS, INC.; and
BILL KELLY,

        Defendants.

**ORDER**

This cause is before the Court on Defendant[] Bill Kelly's[] Motion to Dismiss and Incorporated Memorandum of Law (Doc. 9), filed November 11, 2016.

**BACKGROUND**

On July 31, 2014, Plaintiff began employment with Defendant Premier Baths, Inc. ("**Premier**") as a sales representative. (*Id.* ¶ 5.) After attending a three-day training course, Plaintiff traveled throughout central New York state selling walk-in bathtubs to homeowners. (*See id.* ¶¶ 5–6, 9–11.) Premier scheduled all sales appointments, and Defendant Bill Kelly ("**Kelly**"), a Premier manager, assigned sales appointments to Plaintiff. (*Id.* ¶¶ 7–8, 14.)

In September 2014, Plaintiff noticed that the majority of the appointments he received from Kelly were of "very low quality." (*Id.* ¶¶ 14, 15.) In addition, his commission schedule was reduced from 12% to 5% without explanation from Kelly. (*Id.* ¶ 19.) Unhappy about these new circumstances, Plaintiff made two requests for copies of his employment agreement ("**Agreement**"), which Defendants ignored. (*See id.* ¶¶ 18, 20.)

Through email correspondence and phone calls, Plaintiff expressed his belief that

Defendants' actions were illegal and contrary to the Agreement. (*Id.* ¶ 20.) Plaintiff also contacted the New York State Department of Labor. (*Id.*) Kelly became aware of Plaintiff's inquires on October 15, 2014. (*Id.*) The following day, Kelly emailed Plaintiff to inform him of his forthcoming termination. (*Id.*) Gary Reda ("**Reda**"), vice president of Premier, ultimately terminated Plaintiff on October 17, 2014. (*Id.*)

On November 13, 2015, Plaintiff finally received a copy of the Agreement. (*Id.* ¶ 21.) The following year, Plaintiff initiated the instant action against Premier and Kelly for violations of the Fair Labor Standard Act ("**FLSA**"). (*Id.* ¶¶ 1–59.) Specifically, Plaintiff alleges that Defendants: (1) failed to pay hourly and overtime wages (*Id.* ¶¶ 45–49); and (2) wrongfully terminated him in retaliation for inquires he made to the New York State Department of Labor (*Id.* ¶¶ 57–59). Plaintiff also alleges that Defendants breached the Agreement, *inter alia*, by treating him as an employee, despite an express provision in the Agreement designating Plaintiff as an independent contractor. (*Id.* ¶¶ 22–27, 29.) Plaintiff alleges that he has suffered monetary loss, emotional damage, and reputational damage as a result of Defendants' actions. (*See id.* ¶¶ 31, 40–42.)

In the instant motion, Kelly moves to dismiss the Complaint on the grounds that the Complaint fails to establish that: (1) Plaintiff is an "employee" under the FLSA; and (2) Kelly qualifies as Plaintiff's "employer" as that term is defined in the FLSA. (Doc. 9 ("**MTD**").) Plaintiff did not respond, and the time for doing so has passed.

**STANDARDS**

A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are not required, but "[a] pleading that offers 'labels and

conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). In considering a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *LaGrasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

## DISCUSSION

In its MTD, Kelly contends that because the Agreement expressly provides that Plaintiff is an independent contractor, Plaintiff is not considered an employee under the FLSA. (Doc. 9, p. 4.) Alternatively, Kelly maintains that Plaintiff has failed to allege sufficient facts to impute employment status with Premier under the "economic reality" test. (*Id.*) Finally, Kelly contends that the Complaint does not adequately allege that Kelly was Plaintiff's employer (*Id.* pp. 4–5.) The Court will address each of Kelly's arguments in turn.

**I.   "Employee" Status Under the FLSA**

The FLSA's overtime and minimum wage protections extend only to "employees." *See* 29 U.S.C. §§ 206, 207. An "employee" is "any individual employed by an employer." 29 U.S.C. § 203(e)(1), and an "employer" is "any person acting directly or indirectly in the

interest of an employer in relation to an employee," 29 U.S.C. § 203(d). Additionally, the term "employ" means "to suffer or permit to work." 29 U.S.C. § 203(g). While these definitions are intended to be construed broadly, they do not bring "independent contractors" within the ambit of the FLSA. *See Rutherford Food Corp. v. McComb*, 331 U.S. 722, 729 (1947).

Nonetheless, no single definition draws into focus the hazy edges of the employer-employee relationship under the FLSA. *See id.* at 728. Rather, to determine whether an individual falls under the protections of the FLSA, courts examine the "economic reality" of the alleged employer-employee relationship and whether that relationship demonstrates economic dependence. *Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1311 (11th Cir. 2013). Such an inquiry is not governed by labels placed on the relationship by the parties but, rather, centers on whether "the work done, in its essence, follows the usual path of an employee." *Rutherford Food*, 331 U.S. at 729. Even a signed contract to the contrary does not supplant the "economic reality" inquiry. *See Gutescu v. Carey Int'l, Inc.*, No. 01-4026-Civ-Martinez, 2003 WL 25586749, at *11 (S.D. Fla. Jul. 21, 2003); *see also, e.g.*, *Robicheaux v. Radcliff Material, Inc.*, 697 F.2d 662 (5th Cir. 1983) (finding that welders were "employees" even though they signed contracts stating that they were independent contractors). Accordingly, the argument that the Agreement designated Plaintiff as an independent contract does not end the Court's inquiry.

Instead, courts have used the following six factors as guides in applying the economic reality test:

> (1) the nature and degree of the alleged employer's control as to the manner in which the work is to be performed; (2) the

> alleged employee's opportunity for profit or loss depending on his managerial skill; (3) the alleged employee's investment in equipment or materials required for his task, or his employment of workers; (4) whether the service rendered requires a special skill; (5) the degree of permanency and duration of the working relationship; and (6) the extent to which the service rendered is an integral part of the alleged employer's business.

*Scantland*, 721 F.3d at 1311–12. No one factor is determinative. *Id.* at 1312.

Upon consideration, the Court finds that, under the economic reality test, Plaintiff has sufficiently pled facts establishing that he was an employee under the FLSA. Importantly, Plaintiff alleges that: (1) Premier controlled the scheduling of his sales appointments, dictating the time and location of the appointments; (2) because Kelly assigned appointments to Plaintiff, his opportunity for commissions depended more on Kelly's provision of quality jobs than Plaintiff's managerial skills; (3) Premier sent him to a three-day training course to provide Plaintiff the necessary skills and information to perform his job; (4) Kelly told Plaintiff that he was well-suited to work for Premier for many years; and (5) his position as a sales representative was integral to Premier's business. Plaintiff's provision of his own work equipment and his previous work experience do not negate the adequately pled economic dependence established by the Complaint. Accordingly, Kelly's argument regarding Plaintiff's employment status is unavailing.

## II.     "Employer" Status Under the FLSA

Having determined that Plaintiff has sufficiently pled that he was a *Premier* employee, the Court will now address whether Plaintiff has adequately pled that *Kelly* was also his employer as defined by the FLSA. Importantly, an individual may not be held liable under the FLSA unless he is an employer as that term is defined under the FLSA. *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 2008 WL 220070, at *4 (11th Cir.


5

Jan. 29, 2008). Whether an individual is an *employer* also depends on the economic reality of the employment relationship. To determine whether an alleged employer falls within the statutory definition, courts use a different set of factors— that is, whether the alleged employer: (1) had the power to hire and fire the employee; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the employee's rate and method of payment; and (4) maintained employment records. *Villarreal v. Woodham*, 113 F.3d 202, 205 (11th Cir. 1997).

Here, the Complaint alleges, in conclusory fashion, that Kelly is Plaintiff's employer under the FLSA. In support, Plaintiff alleges only that: (1) Kelly did not inform Plaintiff of the reduction in his commission schedule; and (2) Kelly, in his discretion, assigned jobs to Plaintiff ("**Supporting Allegations**"). (Doc. 1, ¶¶ 9, 19.) The Complaint is devoid of any other allegations with respect to the status of Kelly as Plaintiff's employer.

Upon consideration, the Court finds that, under the economic reality test, the factual allegations in the Complaint are insufficient to establish that Kelly was Plaintiff's employer under the FLSA. Notably, there are no allegations as to whether Kelly: (1) had the power to hire or fire Plaintiff; (2) *determined* Plaintiff's pay; or (3) maintained employment records. *See Villarreal*, 113 F.3d at 205 (emphasis added). Indeed, Plaintiff alleges that Reda, not Kelly, terminated him. (Doc. 1, ¶ 20.) Thus, standing alone, the Supporting Allegations are inadequate to demonstrate that Kelly was Plaintiff's employer within the meaning of the FLSA. As such, Kelly's MTD as to his individual liability is due to be granted.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant[] Bill Kelly's[] Motion to Dismiss and Incorporated Memorandum of Law (Doc. 9) is **GRANTED**.

    a. The motion is granted on grounds that Plaintiff has failed to allege that Defendant Bill Kelly is individually liable as his employer.

    b. The motion is unavailing as to all other grounds.

2. The claims against Defendant Bill Kelly are **DISMISSED WITHOUT PREJUDICE**.

3. If Plaintiff chooses to amend his Complaint to reassert claims against Bill Kelly under the FLSA, he may do so on or before Tuesday, **December 27, 2016**, in compliance with his obligations under the Federal Rule of Civil Procedure 11. Failure to timely file an amended complaint will result in dismissal of all claims against Bill Kelly **with** prejudice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 12, 2016.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record