UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHARLES CRABLE,                                   CASE NO.: 6:16-cv-1825-orl-22TBS

          Plaintiff,

v.

PREMIER BATHS, INC., d/b/a
PREMIER CARE IN BATHING,
and BILL KELLY,

          Defendants.

_____/

### DEFENDANT, BILL KELLY'S, MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

Defendant, Bill Kelly (hereinafter "Kelly"), by and through undersigned counsel, pursuant to the Federal Rule of Civil Procedure 12(b)(6), hereby moves the Court to dismiss the Amended Complaint filed by Plaintiff, Charles Crable (hereinafter "Plaintiff").  The Complaint should be dismissed for the following reasons:

Plaintiff's Complaint fails to state a claim for individual liability against Kelly on grounds that the Complaint fails to allege that Kelly (1) controlled Premier's financial affairs; or (2) caused Premier's alleged failure to compensate Plaintiff in accordance with the Fair Labor Standards Act (hereinafter "FLSA").

1

## PROCEDURAL BACKGROUND

On September 4, 2015, Plaintiff filed his Complaint against Premier and Kelly in the U.S. District Court for the Northern District of New York.  On March 31, 2016, the case was transferred to this Court (Case Number 6:16-cv-544-orl-37TBS) (Docs. 32, 33).

Subsequently, this Court directed Plaintiff to show cause why the case should not be dismissed for failure to prosecute (Doc. 56).   In response, Plaintiff claimed that he had only recently retained counsel and needed additional time to allow his counsel to bring the case current (Doc. 60).

On August 2, 2016, the Court again directed Plaintiff to show cause why the case should not be dismissed for failure to prosecute (Doc. 68).  Following Plaintiff's failure to comply with the above Order, the Court dismissed the case, without prejudice, on August 29, 2016 (Doc. 70).

On October 20, 2016, Plaintiff filed another Complaint in the prior action which was stricken by Order dated October 24, 2016.

Plaintiff's Complaint in this action was filed on October 20, 2016 (Doc. 1). On December 12, 2016 the Court entered an Order dismissing Plaintiff's claim against Kelly on grounds that Plaintiff failed to adequately allege that Kelly was Plaintiff's employer as defined by the FLSA (Doc. 16).

Plaintiff filed his Amended Complaint (the "Complaint") on December 23, 2016 (Doc. 18) alleging violations of the FSLA by Defendants including Failure to Pay Wages and Overtime Compensation Against All Defendants (Count I) and Wrongful Termination Against All Defendants (Count II).

Plaintiff's Complaint in this action should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for the reasons set forth in the Memorandum of Law below.

## MEMORANDUM OF LAW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).  In lieu of filing an answer to a complaint, a defendant may move to dismiss the complaint for failure to state a claim upon which relief can be granted.  Fed.R.Civ.P. 12(b)(6).  The United States Supreme Court has held that a court should follow a two-pronged approach in evaluating the sufficiency of a complaint: a court should (1) identify and eliminate any allegations in the complaint that are mere legal conclusions and (2) accept as true all well-pleaded factual allegations and determine whether they "plausibly suggest an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679-81 (2009).

Plaintiff's Complaint fails to state claims for individual liability against Kelly on grounds that the Complaint fails to allege that Kelly (1) controlled Defendant, Premier's, financial affairs; or (2) caused Premier's alleged failure to compensate Plaintiff in accordance with the FLSA.  *See Lamonica v. Safe Hurricane Shutters,*

*Inc.,* 711 F. 3d 1299 (11th Cir. 2013) citing *Baystate Alt. Staffing, Inc. v. Herman,* 163 F.3d 668, 677 (1st Cir. 1998) ("It is consistent with Congress's intent to impose liability upon those who control a corporation's financial affairs and can cause the corporation to compensate (or not compensate) employees in accordance with the FLSA").

The Complaint fails to allege that Kelly had any involvement in Premier's financial affairs – let alone any alleged "control" over Premier's financial affairs – which is essential to support any claim for individual liability against Kelly.  At best, the Plaintiff alleges that Kelly managed the assignment of work or leads provided to Plaintiff – not payment of commissions or compensation to Plaintiff.

The Complaint is also devoid of any allegations regarding Kelly's alleged role in causing the alleged FLSA violations.  Moreover, it is undisputed, for purposes of the instant Motion and otherwise, that Kelly was not an officer, director or shareholder in Premier.  As stated above, Kelly had absolutely no involvement in Premier's financial affairs and to impose individual liability on Kelly – under these circumstances – would result in a gross miscarriage of justice.

## CONCLUSION

For all of the reasons set forth above, Defendant, Kelly, respectfully requests that the Court dismiss Plaintiff's Amended Complaint and award Kelly his

reasonable attorneys' fees and costs pursuant to the FLSA, and for such other relief

as the Court deems just and proper.

## CERTIFICATE IN COMPLIANCE WITH LOCAL RULE 3.01(G)

Pursuant to Local Rule 3.01(g), the undersigned counsel certifies that he

conferred with counsel for the Plaintiff, who has indicated that Plaintiff opposes this

Motion and the relief requested herein.

Respectfully submitted,

WILLIAM B. PRINGLE III, P.A.


By:   */s/   William B. Pringle III*
William B. Pringle III, Esquire
Fla. Bar No: 0777986
255 South Orange Avenue, Suite 1200
Post Office Box 6340
Orlando, Florida 32802
Telephone No.: (407) 843-3701
Fax No.: (407) 650-1800

*Attorneys for Defendant,*
*BILL KELLY*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing on January 6, 2017 with the Clerk of the Court by using the Florida Courts e-Filing Portal which will complete service to the following: Elizabeth J. Anderson, Esquire, ANDERSON HEW PLLC, 201 S. Orange Avenue, Suite 900, Orlando, Florida 32801, eanderson@andersonhew.com.


*/s/   William B. Pringle III*
William B. Pringle III, Esquire