**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CHARLES CRABLE,

       Plaintiff,

v.                                                                 Case No. 6:16-cv-1825-Orl-37TBS

PREMIER BATHS, INC.; and
BILL KELLY,

       Defendants.

---

**ORDER**

This cause is before the Court on the following:

1.     Defendant[] Bill Kelly's[] Motion to Dismiss and Incorporated Memorandum of Law (Doc. 20), filed January 6, 2017; and

2.     Plaintiff's Response to Defendant Bill Kelly's Motion to Dismiss (Doc. 21), filed January 20, 2017.

**BACKGROUND**

Plaintiff—a former salesperson for Defendant Premier Baths, Inc. ("**Premier**")—initiated this action for violations of the Fair Labor Standard Act ("**FLSA**") against Premier and Bill Kelly ("**Kelly**"), a Premier manager. (*See* Doc. 1 "**Original Complaint**").) Thereafter, Kelly successfully moved to dismiss the Original Complaint. (Doc. 9 ("**First MTD**").) Granting Plaintiff leave to file an amended complaint, the Court granted the First MTD because Plaintiff failed to allege that Kelly was individually liable as Plaintiff's employer under the FLSA. (Doc. 16.)

Plaintiff filed an amended complaint alleging, as he previously did, that Defendants: (1) failed to pay hourly and overtime wages; and (2) wrongfully terminated

him in retaliation for inquires he made to the New York State Department of Labor. (Doc. 18 ("**Amended Complaint**")). Kelly now moves to dismiss the Amended Complaint on the ground that Plaintiff has again failed to state a claim for individual liability against Kelly under the FLSA. (Doc. 20 ("**Second MTD**").) Plaintiff timely responded (Doc. 21), and the matter is ripe for resolution.

## STANDARDS

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

In accordance with Federal Rule of Civil Procedure 12(b)(6), a party may request dismissal of a pleading that falls short of these pleadings requirements. In resolving such motions, courts limits their "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *LaGrasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

**DISCUSSION**

Under the FLSA an "employer" is "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). This definition, while imprecise, recognizes that an individual, even if not an officer of a corporation, may be an employer under the FLSA. *See Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1310, 1313 (11th Cir. 2013) (rejecting the argument that binding precedent limited individual liability under the FLSA to only corporate officers). The calculus does not depend on a supervisor's title or "technical or isolated factors but rather on the circumstances of the whole activity." *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008); *see also Lamonica*, 711 F.3d at 1310. Such a view is consistent with Congress's intent to impose liability on those who "control a corporation's financial affairs and can cause the corporation to compensate (or not to compensate) employees in accordance with the FLSA." *See id.* at 1313.

Whether a party is an employer depends on the "economic reality" of the employment relationship rather than common law concepts of agency. *Goldberg v. Whitaker House Coop.*, 366 U.S. 28, 33 (1961); *see also Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1311 (11th Cir. 2013). To that end, a supervisor that has control over the significant aspects of a corporation's day-to-day operation or some direct responsibility for the supervision of employees may be individually liable as an employer under the FLSA. *Lamonica*, 711 F.3d at 1313; *see also Alvarez Perez*, 515 F.3d at 1160; *Patel v. Wargo*, 803 F.3d 632, 638 (11th Cir. 1986). To determine the extent of an alleged employer's involvement in a corporation's day-to-day operations, the U.S. Court of Appeals for the Eleventh Circuit asks whether the alleged employer: (1) had the power to

hire and fire employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records. *Villareal v. Woodham*, 113 F.3d 202, 205 (11th Cir. 1997); *see also Bujalski v. Kozy's Rest., Inc.*, No. 7:13-cv-01446-MHH, 2017 WL 57344, at *3 (N.D. Ala. Jan. 5, 2017) (citing *Villareal* factors with approval). These factors are only part of the broader analysis and are not dispositive. *See, e.g.*, *Lamonica*, 711 F.3d at 1310.

Here, the Amended Complaint alleges that Kelly is Plaintiff's employer under the FLSA. In support of this contention, Plaintiff alleges that: (1) on a hand-shake deal, Kelly hired Plaintiff to work at Premier; (2) Kelly, in his discretion, controlled the assignment of work to Plaintiff; (3) Kelly maintained Plaintiff's employment records; (4) Kelly's control over work assignments gave him control over Plaintiff's compensation because the work was commission-based; and (5) Kelly actually fired Plaintiff, which was confirmed by a formal letter from Gary Reda, vice president of Premier ("**Supporting Allegations**"). (Doc. 18, ¶¶ 10–12, 26–27, 34–35.)

Notwithstanding the Supporting Allegations, Kelly urges that the Amended Complaint must be dismissed because Plaintiff did not allege that Kelly had control over Premier's financial affairs, which Kelly contends is "essential" to support any claim for individual liability. (Doc. 20, p. 4.) On this point, Kelly contends that *Lamonica* tips in his favor. (*Id.*) The Court disagrees. *Lamonica* identifies a framework with which to assess whether an individual is an employer under the FLSA, it does not create a minimum federal pleading requirement. *See* 711 F.3d at 1313. From Plaintiff's Supporting Allegations, it is plausible that Kelly is Plaintiff's employer under the FLSA. While Kelly

may ultimately prevail in establishing otherwise, at this juncture, the Court must accept Plaintiff's allegations as true. Hence the Court cannot reasonably conclude that no cause of action against Kelly exists. *See, e.g.*, *Cabrera v. 27 of Miami Corp.*, No. 09-20170-CIV, 2009 WL 2076095, at *8 (S.D. Fla. Jul. 13, 2009) (denying motion to dismiss as to individual corporate officer because dismissal would have been improper "before the discovery process [could] shed some light on whether she ha[d] the requisite level of operation control to be considered an employer under the FLSA."). In light of the foregoing, the Court finds that the Second MTD is due to be denied.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant[] Bill Kelly's[] Motion to Dismiss and Incorporated Memorandum of Law (Doc. 20) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 1, 2017.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record