UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHARLES CRABLE,                                    CASE NO.: 6:16-cv-1825-orl-22TBS

    Plaintiff,

v.

PREMIER BATHS, INC., d/b/a
PREMIER CARE IN BATHING,
and BILL KELLY,

    Defendants.
_____/

### **DEFENDANT, BILL KELLY'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND**

Defendant, Bill Kelly (hereinafter "Kelly"), by and through undersigned counsel, pursuant to the Federal Rule of Civil Procedure 12, answers the consecutively-numbered paragraphs of Plaintiff's Amended Complaint and Jury Demand (hereinafter "Complaint"), and set forth their statement of defenses as follows:

### **Introductory Paragraph**

Kelly admits that Plaintiff purports to bring this action under the FLSA to recover allegedly-owed unpaid wages, overtime wages, penalties, interest and other

relief, but deny that Plaintiff is entitled to any such relief. For convenience, Kelly uses the same headings used by Plaintiff in his Complaint.

## JURISDICTION

1.  Kelly admits that this is a civil action seeking damages, but denies that Plaintiff is entitled to any relief. Kelly admits that venue is proper in the Middle District of Florida.

## PARTIES

2.  Kelly is without knowledge as to the allegations in paragraph 2 of Plaintiff's Amended Complaint and Jury Demand and therefore denies said allegations.

3.  Kelly is without knowledge as to the allegations contained in paragraph 3 of Plaintiff's Amended Complaint and Jury Demand and therefore denies said allegations.

4.  Kelly admits that he is a resident of the State of Rhode Island.

## FACTUAL ALLEGATIONS

5.  Kelly admits that Plaintiff signed the Independent Contractor Agreement on July 31, 2014; otherwise denied.

6.  Kelly denies the allegations contained in paragraph 6 of Plaintiff's Amended Complaint and Jury Demand.

7. Kelly denies the allegations contained in paragraph 7 of Plaintiff's Amended Complaint and Jury Demand.

8. Kelly denies the allegations contained in paragraph 8 of Plaintiff's Amended Complaint and Jury Demand.

9. Kelly denies the allegations contained in paragraph 9 of Plaintiff's Amended Complaint and Jury Demand.

10. Kelly denies the allegations contained in paragraph 10 of Plaintiff's Amended Complaint and Jury Demand.

11. Kelly denies the allegations contained in paragraph 11 of Plaintiff's Amended Complaint and Jury Demand.

12. Kelly denies the allegations contained in paragraph 12 of Plaintiff's Amended Complaint and Jury Demand.

13. Kelly denies the allegations contained in paragraph 13 of Plaintiff's Amended Complaint and Jury Demand.

14. Kelly is without knowledge of the allegations contained in paragraph 14 of Plaintiff's Amended Complaint and Jury Demand, and therefore denies said allegations.

15. Kelly is without knowledge of the allegations contained in paragraph 15 of Plaintiff's Amended Complaint and Jury Demand, and therefore denies said allegations.

16. Kelly denies the allegations contained in paragraph 16 of Plaintiff's Amended Complaint and Jury Demand.

17. Kelly denies the allegations contained in paragraph 17 of Plaintiff's Amended Complaint and Jury Demand.

18. Kelly denies the allegations contained in paragraph 18 of Plaintiff's Amended Complaint and Jury Demand.

19. Kelly denies the allegations contained in paragraph 19 of Plaintiff's Amended Complaint and Jury Demand.

20. Kelly denies the allegations contained in paragraph 20 of Plaintiff's Amended Complaint and Jury Demand.

21. Kelly denies the allegations contained in paragraph 21 of Plaintiff's Amended Complaint and Jury Demand.

22. Kelly denies the allegations contained in paragraph 22 of Plaintiff's Amended Complaint and Jury Demand.

23. Kelly denies the allegations contained in paragraph 23 of Plaintiff's Amended Complaint and Jury Demand.

24. Kelly denies the allegations contained in paragraph 24 of Plaintiff's Amended Complaint and Jury Demand.

25. Kelly denies the allegations contained in paragraph 25 of Plaintiff's Amended Complaint and Jury Demand.

26. Kelly denies the allegations contained in paragraph 26 of Plaintiff's Amended Complaint and Jury Demand.

27. Kelly denies the allegations contained in paragraph 27 of Plaintiff's Amended Complaint and Jury Demand.

28. Kelly denies the allegations contained in paragraph 28 of Plaintiff's Amended Complaint and Jury Demand.

29. Kelly denies the allegations contained in paragraph 29 of Plaintiff's Amended Complaint and Jury Demand.

30. Kelly denies the allegations contained in paragraph 30 of Plaintiff's Amended Complaint and Jury Demand.

31. Kelly denies the allegations contained in paragraph 31 of Plaintiff's Amended Complaint and Jury Demand.

32. Kelly denies the allegations contained in paragraph 32 of Plaintiff's Amended Complaint and Jury Demand.

33. Kelly denies the allegations contained in paragraph 33 of Plaintiff's Amended Complaint and Jury Demand.

34. Kelly denies the allegations contained in paragraph 34 of Plaintiff's Amended Complaint and Jury Demand.

35. Kelly denies the allegations contained in paragraph 35 of Plaintiff's Amended Complaint and Jury Demand.

36. Kelly denies the allegations contained in paragraph 36 of Plaintiff's Amended Complaint and Jury Demand.

37. Kelly denies the allegations contained in paragraph 37 of Plaintiff's Amended Complaint and Jury Demand.

38. Kelly denies the allegations contained in paragraph 38 of Plaintiff's Amended Complaint and Jury Demand.

39. Kelly denies the allegations contained in paragraph 39 of Plaintiff's Amended Complaint and Jury Demand.

40. Kelly denies the allegations contained in paragraph 40 of Plaintiff's Amended Complaint and Jury Demand.

41. Kelly denies the allegations contained in paragraph 41 of Plaintiff's Amended Complaint and Jury Demand.

42. Kelly denies the allegations contained in paragraph 42 of Plaintiff's Amended Complaint and Jury Demand.

43. Kelly denies the allegations contained in paragraph 43 of Plaintiff's Amended Complaint and Jury Demand.

44. Kelly denies the allegations contained in paragraph 44 of Plaintiff's Amended Complaint and Jury Demand.

45. Kelly denies the allegations contained in paragraph 45 of Plaintiff's Amended Complaint and Jury Demand.

46. Kelly denies the allegations contained in paragraph 46 of Plaintiff's Amended Complaint and Jury Demand.

47. Kelly denies the allegations contained in paragraph 47 of Plaintiff's Amended Complaint and Jury Demand.

48. Kelly denies the allegations contained in paragraph 48 of Plaintiff's Amended Complaint and Jury Demand.

49. Kelly denies the allegations contained in paragraph 49 of Plaintiff's Amended Complaint and Jury Demand.

50. Kelly denies the allegations contained in paragraph 50 of Plaintiff's Amended Complaint and Jury Demand.

51. Kelly denies the allegations contained in paragraph 51 of Plaintiff's Amended Complaint and Jury Demand.

52. Kelly denies the allegations contained in paragraph 52 of Plaintiff's Amended Complaint and Jury Demand.

53. Kelly denies the allegations contained in paragraph 53 of Plaintiff's Amended Complaint and Jury Demand.

54. Kelly denies the allegations contained in paragraph 54 of Plaintiff's Amended Complaint and Jury Demand.

55. Kelly denies the allegations contained in paragraph 55 of Plaintiff's Amended Complaint and Jury Demand.

56. Kelly denies the allegations contained in paragraph 56 of Plaintiff's Amended Complaint and Jury Demand.

57. Kelly denies the allegations contained in paragraph 57 of Plaintiff's Amended Complaint and Jury Demand.

58. Kelly denies the allegations contained in paragraph 58 of Plaintiff's Amended Complaint and Jury Demand.

59. Kelly denies the allegations contained in paragraph 59 of Plaintiff's Amended Complaint and Jury Demand.

60. Kelly denies the allegations contained in paragraph 60 of Plaintiff's Amended Complaint and Jury Demand.

61. Kelly denies the allegations contained in paragraph 61 of Plaintiff's Amended Complaint and Jury Demand.

## CAUSES OF ACTION

62. Kelly repeats and incorporates his response to the allegations set forth in paragraphs 1 through 61 above.

63. Kelly denies that he is an employer within the meaning of FLSA.

64. Kelly denies the allegations contained in paragraph 64 of Plaintiff's Amended Complaint and Jury Demand.

65. Kelly denies the allegations contained in paragraph 65 of Plaintiff's Amended Complaint and Jury Demand.

66. Kelly is without knowledge as to the allegations contained in paragraph 66 of Plaintiff's Amended Complaint and Jury Demand, therefore denies said allegations.

67. Kelly denies the allegations contained in paragraph 67 of Plaintiff's Amended Complaint and Jury Demand.

68. Kelly denies the allegations contained in paragraph 68 of Plaintiff's Amended Complaint and Jury Demand.

69. Kelly denies the allegations contained in paragraph 69 of Plaintiff's Amended Complaint and Jury Demand.

70. Kelly denies the allegations contained in paragraph 70 of Plaintiff's Amended Complaint and Jury Demand.

71. Kelly denies the allegations contained in paragraph 71 of Plaintiff's Amended Complaint and Jury Demand.

72. Kelly denies the allegations contained in paragraph 72 of Plaintiff's Amended Complaint and Jury Demand.

73. Kelly repeats and incorporates his responses set forth in paragraphs 1 through 61 above.

74. Kelly denies the allegations contained in paragraph 74 of Plaintiff's Amended Complaint and Jury Demand.

75. Kelly denies the allegations contained in paragraph 75 of Plaintiff's Amended Complaint and Jury Demand.

76. Kelly denies the allegations contained in paragraph 76 of Plaintiff's Amended Complaint and Jury Demand.

77. Kelly denies the allegations contained in paragraph 77 of Plaintiff's Amended Complaint and Jury Demand.

78. Kelly denies the allegations contained in paragraph 78 of Plaintiff's Amended Complaint and Jury Demand.

79. Kelly denies the allegations contained in paragraph 79 of Plaintiff's Amended Complaint and Jury Demand.

80. Kelly denies the allegations contained in paragraph 80 of Plaintiff's Amended Complaint and Jury Demand.

81. Kelly denies the allegations contained in paragraph 81 of Plaintiff's Amended Complaint and Jury Demand.

## **General Denial**

Kelly denies each and every allegation of fact, conclusion of law or other matter contained in Plaintiff's Amended Complaint and Jury Demand that has not already been expressly admitted herein.

## **Defenses and Affirmative Defenses**

As separate and distinct defenses to Plaintiff's Amended Complaint and Jury Demand, Kelly alleges as follows:

### **First Affirmative Defense**

Plaintiff's Amended Complaint and Jury Demand fails to state claims for which relief may be granted to the extent Plaintiff has failed to satisfy *prima facie* elements of claims asserted in this action under the FLSA or otherwise.

### **Second Affirmative Defense**

Plaintiff's claims are barred on grounds that Kelly is not an employer within the means of the FLSA. Kelly did not control Defendant, Premier's financial affairs and did not cause Premier to compensate (or not to compensate) Plaintiff in accordance with the FLSA.

### **Third Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by the applicable statutory or contractual limitations on actions.

### **Fourth Affirmative Defense**

Plaintiff is not entitled to overtime compensation or minimum wages because he was not an "employee" of Defendants, but rather was an independent contractor.

### Fifth Affirmative Defense

All or part of Plaintiff's claims are barred, by the doctrines of payment, accord and satisfaction, waiver, estoppel and/or offset.

### Sixth Affirmative Defense

To the extent any actions taken by Kelly regarding Plaintiff were taken in good faith in accordance with Premier's internal policies, and not taken wantonly or with malice or bad faith and/or reckless indifference to Plaintiff's protected rights, Kelly did not willfully violate any law with respect to treatment of Plaintiff, thereby negating any entitlement by Plaintiff to liquidated or punitive damages.

### Seventh Affirmative Defense

Plaintiff's alleged damages are limited by the provisions of the FLSA.

### Eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by applicable exemptions, exclusions, exceptions or credits provided by the FLSA including 29 C.F.R. §541 and other applicable law.

### Ninth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent that the work performed by Plaintiff falls within exemptions provided for in §213(a) and/or §213(b) of the FLSA, 29 U.S.C.A. §213(a) and/or §213(b).

### Tenth Affirmative Defense

To the extent Plaintiff is able to show a violation of the FLSA, which is denied, Defendant is entitled to use the fluctuating work week method of calculating any overtime wages.

### Eleventh Affirmative Defense

To the extent Plaintiff proves that Kelly acted in violation of the FLSA, which is denied, Kelly is entitled to seek a set-off for all compensation and benefits Plaintiff would not have received if Plaintiff had been classified as a non-exempt employee.

### Twelfth Affirmative Defense

To the extent Plaintiff has sustained damages, if any, such damages were caused by Plaintiff's own conduct or the conduct of others, and as such, Plaintiff has no claim for damages against Kelly.

## Thirteenth Affirmative Defense

To the extent Plaintiff has sustained damages, if any, any recovery by Plaintiff must be set off, reduced, evaded or apportioned to the extent that Plaintiff's actions or any other party's actions caused or contributed to Plaintiff's damages.

The responses in the foregoing Answers are based upon the facts and information now known to Defendant, BILL KELLY.  Defendant, BILL KELLY reserves the right to amend or supplement these Answers, and to raise different or additional defenses based upon information that may be obtained through discovery or otherwise.

WHEREFORE, Defendant, BILL KELLY, having answered Plaintiff's Complaint and having raised his affirmative defenses respectfully demand judgment:

A.    Dismissing the Complaint with prejudice;

B.    Awarding Defendant, BILL KELLY, his attorneys' fees and costs incurred in this action; and,

C.    Awarding such other and further relief as this Court deems just and proper.

Respectfully submitted,

WILLIAM B. PRINGLE III, P.A.

By: */s/ William B. Pringle III*
William B. Pringle III, Esquire
Fla. Bar No: 0777986
255 South Orange Avenue, Suite 1200
Post Office Box 6340
Orlando, Florida 32802
Telephone No.: (407) 843-3701
Fax No.: (407) 650-1800

*Attorneys for Defendant,*
*BILL KELLY*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing on January 7, 2017 with the Clerk of the Court by using the Florida Courts e-Filing Portal which will complete service to the following: Elizabeth J. Anderson, Esquire, ANDERSON HEW PLLC, 201 S. Orange Avenue, Suite 900, Orlando, Florida 32801, eanderson@andersonhew.com.

*/s/ William B. Pringle III*
William B. Pringle III, Esquire