UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHARLES CRABLE,   CASE NO.: 6:16-cv-1825-orl-22TBS

    Plaintiff,

v.

PREMIER BATHS, INC., d/b/a
PREMIER CARE IN BATHING,
and BILL KELLY,

    Defendants.
_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, Charles Crable, and Defendant, Bill Kelly (hereinafter the "Parties"), by and through their undersigned counsel, pursuant to Local Rule 3.01, hereby move this Court for the approval of the Settlement Agreement between the Parties, and in support thereof, state:

I. **Legal Principles**

Pursuant to the case law governing settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the Court with a proposed settlement and the Court enters an Order approving the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114

(1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of Plaintiff's claims against Defendant, Bill Kelly, involve a circumstance in which the Court may approve the Parties' Settlement Agreement (Exhibit "A") which releases all of Plaintiff's claims against Defendant, Bill Kelly. During the litigation and settlement of this action, Plaintiff and Defendant, Bill Kelly, were, and are, represented by experienced counsel.

## II.      Summary of the Case

Plaintiff worked as a sales representative for Defendant, PREMIER BATHS, INC.; Defendant, Bill Kelly, worked for PREMIER BATHS, INC. as Plaintiff's manager. This dispute arose from allegations by Plaintiff that he had been denied unpaid wages and overtime wages due to Plaintiff under the FLSA, and had been wrongfully terminated from his sales position.

Since filing this action, the Parties identified in the Settlement Agreement have engaged in extensive settlement discussions, including the exchange of information relating to Plaintiff's claims in this action. After reconsidering the viability of his case against Defendant, Bill Kelly,

Plaintiff has entered into the Settlement Agreement which the Parties are confident properly resolves all claims between Plaintiff, Charles Crable, and Defendant, Bill Kelly.

### III. <u>Conclusion</u>

The Parties respectfully request that the Court approve the Settlement Agreement between Plaintiff, Charles Crable and Defendant, Bill Kelly, **only**, and grant such other and further relief as the Court deems just and proper.

Dated this 5th day of October, 2017.

Respectfully submitted by,

| WILLIAM B. PRINGLE III, P.A. | ANDERSON HEW PLLC |
|---|---|
| /s/ *William B. Pringle III* | /s/ *Elizabeth J. Anderson* |
| William B. Pringle III, Esquire | Elizabeth J. Anderson, Esquire |
| Fla. Bar No.: 0777986 | Fla. Bar No.: 0626351 |
| 255 South Orange Avenue, Suite 1200 | 201 S. Orange Avenue, Suite 900 |
| Post Office Box 6340 | Orlando, Florida 32801 |
| Orlando, Florida 32802 | eanderson@andersonhew.com |
| wbp@pringlelaw.com | Telephone: (407) 545-6429 |
| Telephone No.: (407) 843-3701 | Fax No.: (407) 264-6002 |
| Fax No.: (407) 650-1800 | |
| *Attorneys for Defendant,* | *Attorneys for Plaintiff,* |
| *BILL KELLY* | *CHARLES CRABLE* |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 5th day of October, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will complete service to the following: William B. Pringle III, Esquire, WILLIAM B. PRINGLE III, P.A., 255 South Orange Avenue, Suite 1200, Orlando, FL 32801 and Elizabeth J. Anderson, Esquire, ANDERSON HEW PLLC, 201 S. Orange Avenue, Suite 900, Orlando, Florida 32801.

*/s/  William B. Pringle III*

# EXHIBIT "A"

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement Agreement" or "Release") is entered into and effective as of September 26, 2017 (the "Effective Date"), by and between Charles Crable, a resident of New York, and Bill Kelly, a resident of the State of Rhode Island (each a "Party" or collectively the "Parties").

## RECITALS

**WHEREAS,** on October 20, 2016, Charles Crable initiated an action against Premier Baths, Inc. and Bill Kelly styled *Charles Crable v. Premier Baths, Inc., d/b/a Premier Care in Bathing, and Bill Kelly*, Case Number 6:16-cv-1825-Orl-37TBS, United States District Court, Middle District of Florida, Orlando Division (the "Pending Action").

**WHEREAS,** the Parties desire to settle amicably all claims relative to the Pending Action and otherwise, subject to the terms and conditions set forth herein.

**NOW THEREFORE,** in consideration of the mutual promises and covenants contained herein, the Parties hereto agree as follows:

## AGREEMENT

1. <u>Representations and Warranties</u>.

    1.1 Each Party represents and warrants that he has the full right, power and authority to enter into this Settlement Agreement and to perform pursuant to this Settlement Agreement in accordance with its terms.

    1.2 Each Party represents and warrants that he is the sole party in interest for any claims related to or arising out of the Settlement Agreement.

1.3   The Parties shall file the Joint Stipulation for Dismissal with Prejudice (Exhibit "A") with the Court immediately following execution of this Settlement Agreement by both Parties.

2.   Releases.

2.1   Charles Crable Release of Bill Kelly.

2.1.1   By executing this Release, and except for the duties, obligations and covenants as specifically set forth herein, Charles Crable acknowledges, and does hereby fully and completely release and discharge Bill Kelly from any and all claims, actions, causes of action, demands, payments, attorneys' fees, litigation costs and expenses, benefits, rights, duties, obligations, covenants, damages, costs, loss of service, liens, expenses, compensation, and judgments whatsoever, whether known or unknown, or named or unnamed arising out of, relating to, or contained in the Settlement Agreement and including, but not limited to the claims made, or which could have been made from the beginning of time through the time that Charles Crable executes this Settlement Agreement.

2.1.2   Charles Crable hereby declares and acknowledges that any damages sustained arising out of or relating to the Settlement Agreement are uncertain and indefinite, and, in making the Release contained within this Settlement Agreement, it is understood and agreed that Charles Crable relies wholly upon his judgment, belief and knowledge of the nature, extent, effect and duration of any such damages.

2.1.3   Subject to the terms and limitations set forth herein, it is understood and agreed that Bill Kelly may plead this Release as a complete defense and bar to any action, claim, or demand brought in contravention of this Release, including any action, claim or

demand for rescission and/or misrepresentation. A claim for rescission and/or misrepresentation shall not negate or vitiate this Release.

2.2  <u>Bill Kelly Release of Charles Crable.</u>

2.2.1  By executing this Release, and except for the duties, obligations and covenants as specifically set forth herein, Bill Kelly acknowledges, and does hereby fully and completely release and discharge Charles Crable from any and all claims, actions, causes of action, demands, payments, attorneys' fees, litigation costs and expenses, benefits, rights, duties, obligations, covenants, damages, costs, loss of service, liens, expenses, compensation, and judgments whatsoever, whether known or unknown, or named or unnamed arising out of, relating to, or contained in the Settlement Agreement and including, but not limited to the claims made, or which could have been made from the beginning of time through the time that Bill Kelly executes this Settlement Agreement.

2.2.2  Bill Kelly hereby declares and acknowledges that any damages sustained arising out of or relating to the Settlement Agreement are uncertain and indefinite, and, in making the Release contained within this Settlement Agreement, it is understood and agreed that Bill Kelly relies wholly upon his judgment, belief and knowledge of the nature, extent, effect and duration of any such damages.

2.2.3  Subject to the terms and limitations set forth herein, it is understood and agreed that Charles Crable may plead this Release as a complete defense and bar to any action, claim, or demand brought in contravention of this Release, including any action, claim or demand for rescission and/or misrepresentation. A claim for rescission and/or misrepresentation shall not negate or vitiate this Release.

3.  <u>General Terms</u>.

3.1  Each Party represents that he has entered into this Settlement Agreement freely, voluntarily, of sound mind, and with no duress or coercion (as those terms are defined by law).

3.2  This Settlement Agreement represents the entire agreement among the Parties relating to the subject matter hereof. It supersedes all prior negotiations, representations, and agreements among the Parties, either written or oral. No change in the provisions of this Settlement Agreement shall be valid unless in writing and signed by an authorized representative of the Parties hereto. Neither Party is making any representation or warranty regarding the subject matter of this Settlement Agreement or otherwise except as specifically set forth herein.

3.3  In the event that any provision in this Settlement Agreement is deemed or ruled to be unenforceable, all other provisions and terms shall remain in full force and effect.

3.4  This Settlement Agreement may be executed in any number of counterparts, each of which shall be an original with the same effect as if the signature thereto and hereto were upon the same instrument, and such counterparts together shall constitute only one document. Execution and delivery of this Settlement Agreement may be evidenced by facsimile or other electronic transmission.

3.5  This Settlement Agreement is governed by the laws of the State of Florida. In the event of any legal or equitable action arising under this Settlement Agreement, the Parties hereto agree that jurisdiction and venue for such action shall lie exclusively within the United States District Court for the Middle District of Florida, Orlando Division.

3.6  No provision of this Settlement Agreement, or of any documents delivered pursuant hereto, shall be construed against any Party, or its counsel, merely because such Party or counsel drafted such provision or document. This Settlement Agreement shall be deemed to

have been jointly drafted by the Parties hereto for contract construction purposes. The Parties represent that they are authorized to execute this Settlement Agreement.

3.7 Each Party below warrants that he or she has full authority to execute this Settlement Agreement.

3.8 Bill Kelly denies all allegations in Charles Crables' Amended Complaint. Nothing in this Settlement Agreement shall be construed as an admission by Bill Kelly of any wrongdoing or liability in any way shape or form.

3.9 No release granted herein shall be construed to release a breach of this Settlement Agreement by a Party. All duties, obligations and covenants contained herein shall remain in full force and effect and are hereby expressly preserved. Bill Kelly shall be entitled to recover all attorneys' fees and costs incurred in enforcing any provision of this Settlement Agreement including, without limitation, all trial and appellate fees. Bill Kelly shall also be entitled to declaratory relief, injunctive relief and other equitable relief which is necessary or appropriate to grant Bill Kelly complete relief in any claim for breach or for enforcement of this Settlement Agreement.

3.10 The Parties shall prepare and execute all documents and take further action which is necessary and appropriate to consummate the business transactions required or contemplated in this Settlement Agreement including, without limitation, the procurement of all approvals or consents which may be required.

[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

**CAUTION: READ THE ENTIRE DOCUMENT BEFORE SIGNING BELOW**

WITNESSES:

_____   CHARLES CRABLE
   (signature)

_____   By: _____
   (signature)                   Its: _____

STATE OF _New York_ )
                    ) ss
COUNTY OF _Broome_

    BEFORE ME, the undersigned authority personally appeared <u>CHARLES CRABLE</u>, who acknowledged that he executed the above Settlement Agreement freely and voluntarily, under due authority to bind the corporation, and for the uses and purposes set forth herein.

    WITNESS my hand and official seal in the County and State last aforesaid this _26th_ day of _September_, 2017.

_____
Notary Public

_Todd Lindridge_
Printed Notary Name

My Commission Expires:

TODD R LINDRIDGE
Notary Public - State of New York
No. 01LI6332821
Qualified in Broome
My Commission Exp. 11/02/2019

Page 6 of 7

Notary Public

Printed Notary Name

My Commission Expires

**CAUTION: READ THE ENTIRE DOCUMENT BEFORE SIGNING BELOW**

WITNESS

*/s/ Gale M. McHugo*

BILL KELLY

By: */s/ William R. Kelly, Sr.*
Its: 9/20/17

STATE OF Mass.
COUNTY OF Norfolk

BEFORE ME, the undersigned authority personally appeared **BILL KELLY**, who acknowledged that he executed the above Settlement Agreement freely and voluntarily, under the authority to bind the corporation, and for the uses and purposes set forth herein.

WITNESS my hand and official seal in the County and State last aforesaid this 26th day of September, 2017.

*/s/ Gale M. McHugo*

GALE M. MCHUGO
Notary Public
Commonwealth of Massachusetts
My Commission Expires
May 22, 2022

Notary Public