UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHARLES CRABLE,

    Plaintiff,

v.                                                             Case No. 6:16-cv-1825-Orl-37TBS

PREMIER BATHS, INC.; and BILL
KELLY,

    Defendants.

## ORDER

Plaintiff initiated this action against Defendants alleging that they violated the Fair Labor Standards Act ("**FLSA**") by: (1) failing to pay minimum and overtime wages; and (2) wrongfully terminating him. (*See* Doc. 1.) Thereafter, Plaintiff and Defendant Bill Kelly ("**Mr. Kelly**") filed a joint stipulation of dismissal with prejudice. (Doc. 34 ("**Initial Stipulation**").) Upon review, the Court directed the Clerk to strike the Initial Stipulation because it: (1) purported to also settle claims against Defendant Premier Baths, Inc., a non-party to the Initial Stipulation; and (2) did not provide a basis to assess whether Plaintiff had compromised a viable FLSA claim against Mr. Kelly. (Doc. 35.)

In doing so, the Court advised Plaintiff and Mr. Kelly of several options available to them under controlling law; one such option was to file a renewed stipulation of dismissal with prejudice and either: (1) explain how Plaintiff had been fully compensated for his FLSA claim; or (2) state that the claim is not viable. (*Id.*) On November 16, 2017, Plaintiff and Mr. Kelly filed an Amended Joint Stipulation for Dismissal with Prejudice

under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) and appended a settlement agreement. (Doc. 42, p. 1 ("**Amended Stipulation**"); *id.* at 3–16 ("**Agreement**").)

In the Agreement, Plaintiff and Mr. Kelly now represent that: (1) they are settling only the claims against Mr. Kelly; and (2) Plaintiff's FLSA claim is not viable against Mr. Kelly because he is not Plaintiff's employer.[1] (*Id.* at 10–11.) Based on this representation, the Court finds that Plaintiff has not compromised a viable FLSA right against Mr. Kelly. *See Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1247 (M.D. Fla. 2010). Absent a viable FLSA right, the Court need not scrutinize the fairness of any settlement between Plaintiff and Mr. Kelly. So the Court finds that the Amended Stipulation is due to be accepted, and the claims against Mr. Kelly are due to be dismissed with prejudice.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. The Amended Joint Stipulation for Dismissal with Prejudice (Doc. 42, p. 1) is **ACCEPTED**.

2. Plaintiff's claims against Defendant Bill Kelly (Doc. 18, ¶¶ 62–81) are **DISMISSED WITH PREJUDICE**.

3. The Clerk is **DIRECTED** to terminate Bill Kelly as a party.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on November 20, 2017.

ROY B. DALTON JR.
United States District Judge

---

[1] In an addendum to the Agreement, Plaintiff represents that, through discovery, he learned that Mr. Kelly did not exert control over his work assignments and was not responsible for his termination. (Doc. 42, p. 10.) Rather, Mr. Kelly is merely an employee and "not indebted to [Plaintiff] under the FLSA." (*Id.*)

Copies to:
Counsel of Record